## James Owens v. Lehigh Valley Coal Company.

### Gen. No. 11,054.

1. DECLARATION—*when question of sufficiency of, may be raised.* If the defect of a count is one that would be cured by verdict, the jury could not be properly instructed to disregard it; but if each count of a declaration be so faulty that with all the intendments in its favor it cannot, after verdict, support a judgment, there is no reason why the court may not properly, under the Practice Act, instruct the jury to find a verdict for the defendant, notwithstanding the defendant has pleaded to the declaration.

2. DECLARATION—*what rejected as surplusage.* In a declaration charging negligence against a single defendant, an allegation to the effect that a constituent portion of the negligent conduct so charged against the defendant resulted from the negligence of another than such defendant, will be rejected as surplusage.

3. SAFE PLACE TO WORK.—*what need not be alleged in declaration against master charging failure to furnish.* Where a servant sues his master as a result of injuries claimed to have been sustained by reason of the failure of the master to furnish to him a safe place to work, it is not necessary that he should allege in his declaration that the master had or should have had knowledge that such place was unsafe.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed July 12, 1904.

SAMUEL B. KING, for plaintiff in error.

UTT BROTHERS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for negligence by plaintiff in error against defendant in error there was a plea of not guilty. At the trial, after the plaintiff had given evidence to maintain the issues on his part and rested, the court instructed the jury to find the defendant not guilty, for the reason, as stated in the instruction, " that neither count of the declaration stated a cause of action."

It is contended by the plaintiff in error that the question of the sufficiency of a declaration cannot be raised after plea, by a motion to instruct the jury to find for the de-

fendant.    Section 51 of the Practice Act, chapter 110, R. S., provides : " If one or more counts in the declaration be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts." If the defect in a count be one that would be cured by verdict the jury could not properly be instructed to disregard it; but if each count of a declaration be so faulty that with all the intendments in its favor it could not, after verdict, support a judgment, we see no reason why the court may not properly, under the Practice Act, instruct the jury to find a verdict for the defendant, although the defendant has pleaded to the declaration.    Sherwood v. Rieck, 104 Ill. App. 368, and cases there cited.  ·

Plaintiff discontinued before trial as to all the defendants except the coal company.    The first count of the declaration avers that the coal company had a dock on the Chicago river, with machinery for hoisting coal from the holds of vessels; that as a part of such machinery it had a crane twenty-five feet above the river; that from the end of this crane a bucket with a chain attached to it was lowered into the hold, filled with coal, hoisted to the end of the crane and then carried to the dock and the coal discharged; that the power was controlled by a lever worked by a servant of the defendant stationed upon the crane; that the ship *Mercer* came to defendant's dock laden with coal for defendant and plaintiff was employed by defendant to work at unloading the coal and was engaged in filling buckets with coal in the hold of the ship; that for his protection it was necessary that the space between the man in charge of the lever and the hold where he was at work be kept sufficiently clear of steam and smoke that the man at the lever could see plaintiff while at work in the hold, yet the defendant " negligently failed to keep the said space sufficiently clear of said steam, smoke and other obstructions, but then and there negligently permitted the said space to be and become obstructed and obscured by steam and smoke, which then and there, by the negligence of the Transportation Company, emanated from the said

vessel *Mercer* in such manner as to obscure and obstruct the aforesaid space; by means whereof, it then and there became and was impossible for said party in charge of said lever, controlling and governing said bucket as aforesaid, to at all times see said plaintiff in said hold, and said bucket as it was lowered and raised into and from said hold as aforesaid; that while the plaintiff was employed as aforesaid, he filled said bucket, which was thereupon raised by the party in charge of said lever, by means of the aforesaid power; that when said bucket was so raised, it then swerved and swayed toward plaintiff, and for the protection of plaintiff, and to avoid injury to him by said bucket, it then and there became and was necessary to stop the said bucket, but by reason of the said defendants then and there negligently permitting the said space to be and become obscured and obstructed as aforesaid, the party in charge of said lever governing and controlling said bucket, was then and there prevented from seeing and discovering the peril of the plaintiff, by reason whereof, the said party so in charge of said lever failed to perform his said duty in that behalf, in consequence of which the said bucket was not stopped, but was then and there allowed to continue its ascent, and in so ascending, the said bucket struck upon and against the hand of plaintiff, who was then and there in the exercise of due care and caution for his safety, and plaintiff's right hand was thereupon crushed, mangled and bruised, etc."

The foregoing count charges that the defendant negligently failed to keep the space between the man at the lever and the plaintiff in the hold clear of steam and smoke; that it negligently permitted said space to be obstructed by steam and smoke so that the man at the lever could not see the plaintiff in the hold and that by reason of the defendant negligently permitting said space to be so obstructed with steam and smoke the man at the lever was prevented from seeing that unless the bucket was stopped the plaintiff would be injured, and in consequence thereof failed to stop the bucket and it struck the plaintiff and injured him.

It is insisted by appellee that the declaration is defective because it is therein alleged that the steam and smoke which obscured the view of plaintiff in the hold by the man at the lever, emanated from the ship *Mercer*, "through the negligence of the Transportation Company;" that because of this allegation, the count must be held to charge that the negligence of the Transportation Company was the sole proximate cause of plaintiff's injury.

But the charge in the count, against the defendant, is that it "negligently permitted said space to become and be obscured and obstructed by steam and smoke." As to the charge of negligence thus made against the defendant, it is immaterial from whence the smoke and steam came, or if they emanated from the ship whether it was through the negligence of those in control of the ship or without fault or negligence on their part. The allegation that the steam and smoke emanated from the *Mercer* through the negligence of the Transportation Company must in a declaration against the Coal Company be held immaterial and rejected as surplusage.

It is also contended that the first count, while it charges that the hold of the *Mercer* was unsafe, must be construed to charge that it was only temporarily unsafe, and that it was made so by the wrongful act of a third party; that before the defendant could be held liable it must be *alleged* and proved that the defendant had knowledge or ought to have known of such condition and that it then failed to use reasonable care to make the hold reasonably safe for the plaintiff to work in.

This contention cannot be sustained. It was only necessary for the plaintiff to aver that the defendant negligently permitted the hold to be in an unsafe condition, and it was not necessary, nor even proper, for him to aver either that the defendant had knowledge or ought to have had knowledge of such condition.

To prove the negligence of the defendant as averred in the count the plaintiff would be bound to show knowledge on the part of the defendant of the unsafe condition of the

hold or that it had existed so long and under such circumstances that the defendant by the use of ordinary care would have known its condition. But the plaintiff was not bound to allege such facts in his declaration. Such facts are but evidentiary facts, facts from which the ultimate fact of negligence is to be inferred, and a declaration should allege ultimate and not evidentiary facts.

In our opinion the first count states a cause of action against the defendant and it was therefore error to direct a verdict for the defendant.

The second count charges that the plaintiff was hired, not by the defendant but by a third party, and in our opinion does not state a cause of action against the defendant.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*